UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES R. WINBUSH, JR, )
)
        Petitioner, )
)
    vs. ) Case No. 1:17-cv-00581-TWP-MJD
)
S. JULIAN, Warden, )
)
        Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

James R. Winbush, Jr., was convicted in the Northern District of Indiana after trial by jury of distribution, possession with the intent to distribute five grams or more of cocaine base, possession with the intent to distribute marijuana, unlawful possession of a firearm by a felon, and possession of a firearm in furtherance of a drug trafficking crime. He was caught red-handed. Police watched as Winbush sold crack cocaine to a confidential informant, after which Winbush brandished a handgun and fled his vehicle. His conviction and sentence were affirmed on appeal in *United States v. Winbush,* 580 F.3d 503 (7th Cir. 2009). Winbush then filed a motion for relief pursuant to 28 U.S.C. § 2255. That motion was denied in *United States v. Winbush*, 2011 WL 6122582 (N.D.Ind. Dec. 8, 2011). Winbush now presents a further collateral challenge, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Winbush claims that his enhanced sentence is illegal based on the decision in *Allevne v. United States,* 133 S. Ct. 2151 (2013). His specific contention is that his sentence was improperly enhanced to seven years under 18 U.S.C. § 924(c)(1)(A)(ii), whereas he should have only received

a five-year sentence under § 924(c)(1)(A)(i) because the judge, not the jury, determined he brandished a firearm. This same claim was presented, considered and rejected in No. 2:14-cv-00184-JMS-WGH, wherein Judge Magnus-Stinson concluded: "The decision in *Alleyne* does not supply a basis on which Winbush can challenge his enhanced sentence. Winbush has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy." No appeal was taken from that disposition, but this sequel is now center stage.

The duplication of collateral challenges is not proper. The Antiterrorism and Effective Death Penalty Act of 1996 prohibits the filing of repeated habeas petitions that attack the prisoner's underlying conviction or sentence. Specifically, "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A statute, 28 U.S.C. § 2244(a), "prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review." *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015); *see also Valona v. United States*, 138 F.3d 693, 694–65 (7th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence); *Edwards v. Perdue*, No. 5:14CV136, 2015 WL 2354702, at *2 (N.D.W.Va. Apr. 30, 2015).

Winbush brings the action following the filing and adjudication of a prior petition for writ of habeas corpus. As explained above, he is not permitted to use 28 U.S.C. ' 2241(c)(3) in this

manner. Once again, Winbush has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. *See Holliday v. Caraway,* No. 2:14-CV-105-JMS-DKL, 2015 WL 566399, at *1-2 (S.D.Ind. Feb. 10, 2015). His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/18/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES R. WINBUSH, JR
08322-027
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov